# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 99-383 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY** |
| KENDRICK DOTSTRY, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Andrew Tweeten, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kendrick Dotstry, No. 09196-041, FCI Oxford, PO Box 1000, Oxford, WI 53952, *pro se* defendant.

Pursuant to Federal Rule of Criminal Procedure 41(g), Kendrick Dotstry moves for the return of currency totaling $56,646.00 that was seized from him on three separate occasions. Because he received adequate notice of the administrative forfeiture of the funds, and because his claims are otherwise time-barred, the Court will deny the motion.

## BACKGROUND

On December 6, 1999, Dotstry was arrested by FBI agents and local police. During that arrest, the agents seized $4,602.00 from Dotstry's pocket. (Def.'s Supp. Mot. for Return of Property at ¶ 1, July 2, 2018, Docket No. 48.) Subsequent to that arrest, FBI agents and local police executed a search warrant on a bank account owned by Dotstry and

seized $15,190.00. (*Id.* at ¶ 2.) The United States admits to these facts. (First Declaration of Kathy Weston ("First Weston Decl.") ¶¶ 4-5, Docket No. 50.)

After the seizure of money taken from Dotstry's pocket and bank account, the United States commenced administrative forfeiture proceedings. Regarding the $4,602.00, the United States mailed notice to Dotstry and his lawyer on Jan. 19, 2000 and received a return receipt confirming the notification on Jan. 31, 2000. (First Weston Decl. at ¶ 3.) The United States further published notice of the seizure in the Wall Street Journal starting on Jan. 31, 2000. (*Id.*) Regarding the $15,190.00, the United States mailed notice to Dotstry and his lawyer on Jan 28, 2000 and received return receipt on Feb. 4, 2000. (*Id.* at ¶ 4.) The United States published notice in the Wall Street Journal starting on Feb. 7, 2000. (*Id.*) No claims were filed for either sum, and the money was administratively forfeited in March and April of 2000. (*Id.* at ¶ 3-4.)

Dotstry also alleges that the United States and local law enforcement agents seized $36,854.00 from his storage unit sometime in 1998. (Def.'s Supp. Mot. for Return of Property at ¶ 1). The United States denies having any record of this seizure. (Second Declaration of Kathy Weston at ¶ 3, Docket No. 54.) In support of this allegation, Dotstry cites to a 2008 Presentence Investigation Report ("PSR"), which states that "[r]ecords further indicate that, on December 3, 1998, the government seized $36,854.00 . . . from defendant as a result of a search warrant." (Def.'s Reply to Pl.'s Mem. at ¶ 10, Aug. 3, 2018, Docket No. 56.) In fact, records indicating that the government did indeed seize $36,854.00 from Dotstry come from as early as 2000. (PSR at ¶ 57 (on file with Court).)

**DISCUSSION**

Federal Rule of Criminal Procedure 41(g) provides, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Eighth Circuit follows the common view that a 6-year statute of limitations applies to Rule 41(g) motions. *United States v. Mendez*, 860 F.3d 1147, 1149 (8th Cir. 2017). The 6-year limitations period begins to run when "the movant knew, or in the exercise of reasonable diligence should have known, that he had a claim." *Id.* at 1150. A movant has a claim when the governmental justification for withholding the property from the rightful owner ends. *Id.* For example, if evidence is seized from a defendant and held by the government pending trial, that defendant's 41(g) claim would begin when judgment becomes final, because the government no longer needs the property as evidence. *Id.*

However, Rule 41(g) is a means of recovering seized property, not forfeited property. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). Instead, the Civil Asset Forfeiture Reform Act of 2000, codified in part at 18 U.S.C. § 983(e), is the exclusive mechanism to set aside declarations of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5); *United States v. Triplett*, 240 Fed. Appx. 736, 736–37 (8th Cir. 2007). That statute provides various procedures which govern civil forfeitures, and states that once property has been declared forfeited by a seizing agency, only individuals that have not received notice of the forfeiture may move to set it aside. 18 U.S.C. § 983(e)(1); *Triplett*, 240 Fed. Appx. at 737. Motions for the return of property under § 983(e) must be filed no

later than 5 years after the date of final publication of notice of the seizure. 18 U.S.C. § 983(e)(3).

## I. The Federally-Seized and Forfeited $4,602.00 and $15,190.00

Because the $4,602.00 seized from his person and the $15,190.00 seized from his bank account were subject to administrative forfeiture proceedings, Dotstry's only remedy for the return of those funds is an 18 U.S.C. § 983(e)(5) motion to set aside the forfeiture. Construing his Rule 41(g) motion as such, the Court will consider it under that provision. As stated above, Dotstry may only move to set aside the forfeiture if he was not given notice of the original forfeiture proceeding. Dotstry did receive such notice. As to both seizures, he and his lawyer were sent letters that the property had been seized. Further, both seizures were publicized in the Wall Street Journal. He is therefore ineligible to file a § 983(e)(5) motion.[1] Moreover, even if he had not received adequate notice, Dotstry's action comes more than 5 years after the date of final publication of the seizure in the Wall Street Journal and is therefore time-barred. *See Triplett*, 240 Fed. Appx. at 737 (8th Cir. 2007).

## II. The $36,854.00

The United States does not admit having seized the $36,854.00, and thus does not

---

[1] Dotstry asserts that he did not receive adequate notice because, as someone in federal custody, the government should have provided *actual* notice. For support, he cites *Yeung Mung Weng v. United States*, 137 F.3d 706 (2d Cir. 1998), and *United States v. Woodall*, 12 F.3d 791 (8th Cir. 1993). However, both of those cases were abrogated by *Dusenbery v. United States*, 534 U.S. 161 (2003), which held that there is no specific level of notice required, and that notice is adequate so long as it is "'reasonably calculated to apprise a party of the pendency of the action." *Id.* at 170-71 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)).

assert that the money went through any administrative forfeiture processes. Therefore, the Court will consider Dotstry's claim for the return of this money as a Rule 41(g) motion. As discussed above, Rule 41(g) motions are subject to a 6-year statute of limitations, starting when the claimant knew or should have known that he or she had a claim. In this case, assuming that the money seized in 1998 was held by the government as evidence, Dotstry's claim for return of the money would have started when judgment was entered on July 27, 2000. As such, the 6-year statute of limitations period has expired.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's 18 U.S.C § 983(e)(5) motion [Docket No. 46] and Supplemental Motion [Docket No. 48] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 10, 2018              ___s/John R. Tunheim___
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                          Chief Judge
                                         United States District Court