# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENDRICK DOTSTRY,<br><br>Defendant. | Criminal No. 99-383 (JRT/TNL)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT** |

Erica H. MacDonald, United States Attorney, and Andrew Tweeten, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kendrick Dotstry, No. 09196-041, FCI Oxford, PO Box 1000, Oxford, WI 53952, *pro se* defendant.

On June 25, 2018, Petitioner Kendrick Dotstry filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). On September 10, 2018, the Court denied his motion. In response, Dotstry has now filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Because the Court finds no error in its original judgment, the motion will be denied.

## BACKGROUND

In his motion for the return of property, Dotstry claimed that state and federal agencies took money from him on three separate occasions: $4,602.00 from his pocket pursuant to a 1999 arrest; $15,190.00 from a bank account pursuant to a search warrant; and $36,854.00 from a storage unit sometime in 1998. (Def.'s Supp. Mot. for Return of Property at ¶¶ 1-2, July 2, 2018, Docket No. 48.) Dotstry sought the return of these funds.

Because the United States admitted to seizing the first and second sums of money, and because those two sums of money were placed in administrative forfeiture proceedings in 2000, Dotstry's only path forward was an 18 U.S.C. § 983(e)(5) motion to set aside the forfeiture. (Decl. of Kathy Weston at ¶¶ 3-4, July 11, 2018, Docket No. 50.) Because the forfeiture proceedings were held in 2000, and because Dotstry received adequate notice of those proceedings, the Court denied his claim as time-barred and procedurally invalid. (Order Denying Def.'s Mot. for Return of Property ("Order") at 4, Sept. 10, 2018, Docket No. 57.)

The United States denied having any record of seizing $36,854.00 from Dotstry in 1998. (2d Decl. of Kathy Weston at ¶ 3, July 12, 2018, Docket No. 54.) However, indications that the government did indeed seize that money came from both Dotstry and from the Court's records. Dotstry cited a 2008 Presentence Investigation Report ("PSR"), prepared in a separate criminal case, which he claimed states "[r]ecords further indicate that, on December 3, 1998, the government seized $36,854.00 . . . from defendant as a result of a search warrant." (Def.'s Reply to Pl.'s Mem. at ¶ 10, Aug. 3, 2018, Docket No. 56.) Additionally, a PSR was prepared pursuant to the 2000 charges that first brought Dotstry before the Court. (PSR, Apr. 26, 2000 (on file with the Court).) The 2000 PSR also noted that the government had seized the money pursuant to a search warrant. (*Id.*, ¶ 57.)

Because the United States did not acknowledge that it seized $36,854.00 from Dotstry, it did not claim that this sum of money was put through administrative forfeiture proceedings. Accordingly, the Court considered Dotstry's claim regarding this money under Federal Rule of Criminal Procedure 41(g). (Order at 4-5.) The Court held that Dotstry's claim for the return of that sum would have begun on July 27, 2000, when judgment was entered in his criminal case and any justification for the government's continued seizure of the money would be extinguished.

Because the Eighth Circuit applies a 6-year statute of limitations to claims under Rule 41(g), a limitations period that would have ended in 2006, the Court held that that his claim was time-barred. (*Id.*)

Dotstry filed the present Motion seeking to amend the Court's Order as to the $36,854.00. He argues that the Court misapplied the statute of limitations, and that his claim is not time-barred. In large part, he argues that he did not receive notice that the money had been taken until about a year ago, when he was reviewing a PSR prepared for a separate case with his attorney. (Mot. to Amend J. at 3, Oct. 11, 2018, Docket No. 59.)

## DISCUSSION

A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Such a motion cannot be used to introduce evidence that was available prior to entry of judgment but was not proffered, to re-litigate old issues, to advance new theories, or to secure a rehearing on the merits. *Id.*; *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Federal Rule of Criminal Procedure 41(g) provides, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Eighth Circuit follows the common view that a 6-year statute of limitations applies to Rule 41(g) motions. *United States v. Mendez*, 860 F.3d 1147, 1149 (8th Cir. 2017). The 6-year limitations period begins to run when "the movant knew, or in the exercise of reasonable diligence should have known, that he had a claim." *Id.* at 1150. These types of claims can often arise when a defendant's criminal trial is over, and there is no more governmental justification for the further

withholding of the property.  In that circumstance, a movant's claim, for statute of limitations purposes, begins at the close of trial.

Dotstry, in his present motion, argues that the $36,854.00 seized in 1998 was not seized as evidence or used at his subsequent criminal proceeding ending on July 27, 2000.  Thus, he argues that his claim did not accrue at that time.  Next, he argues that the government never admitted to him that it had taken his money, and that he only became aware of that fact last year when reviewing his PSR.  Therefore, he argues, the statute of limitations did not begin until last year.

However, irrespective of whether property is used as evidence at trial or is originally taken as evidence, a movant's claim begins when the movant knew or should have known that he or she had a claim for return of property.  The PSRs prepared in 2000 and in 2008 both indicated that $36,854.00 had been seized from Dotstry in 1998.  While Dotstry may not have noticed this until last year when he was reviewing his 2017 PSR, the record was there since 2000.  Thus, Dotstry either "knew, or in the exercise of reasonable diligence should have known, that he had a claim" as early as 2000, and was again put on notice in 2008.  Whether the 6-year statute of limitations period began in 2000 or 2008, it had already run by the time he filed the 41(g) Motion in 2018.  Accordingly, the Court does not find that it committed any "manifest errors of law or fact."

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Dotstry's Motion to Alter or Amend Judgment under Rule 59(e) [Docket No. 59] is **DENIED**.

DATED:  November 6, 2018                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                               Chief Judge
                                                     United States District Court