**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENDRICK LEDELLE DOTSTRY,<br><br>Defendant. | Criminal No. 99-383 (JRT/FLN)<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION FOR RECONSIDERATION** |

Erica H. MacDonald, United States Attorney, and Andrew Tweeten, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kendrick Dotstry, No. 09196-041, FCI Oxford, PO Box 1000, Oxford, WI 53952, *pro se* defendant.

Kendrick Dotstry brings a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from two of the Court's prior orders. (Mot. for Relief, Mar. 18, 2019, Docket No. 63.) He argues that the Court made a legal error in applying a statute of limitations to deny his previous motions and that, even if the statute of limitations applied, he is entitled to equitable tolling. Because the Court did not err in applying the statute of limitations, and because Dotstry is not entitled to equitable tolling, the Court will deny his Motion.

**BACKGROUND**

On June 25, 2018, and July 2, 2018, Kendrick Dotstry brought two Rule 41(g) motions seeking the return of various sums of money, including $36,854.00 that the

government took from him in 1998.  (*See* Order ("1st Order"), Sept. 10, 2018, Docket No. 57.)  The Court denied both motions and, relevant to the present Rule 59(e) motion, held that Dotstry's claim for the return of $36,854.00 was time-barred.  (*Id.* at 5.)  The Court followed *United States v. Mendez*, 860 F.3d 1147 (8th Cir. 2017), in applying a six-year statute of limitations to Dotstry's Rule 41(g) motion, and held that his claim for the $36,854.00 was time-barred because he was or should have been aware of his claim as early as 2000 and as late as 2008.

After the Court denied his motions, Dotstry filed a Rule 59(e) motion seeking to alter or amend the Court's decision.  (*See* Order ("2d Order") at 1, Nov. 6, 2018, Docket No. 61.)   In this motion, Dotstry argued that his Rule 41(g) claim for the $36,854.00 was not time-barred, and that the Court erred in so holding.  Dotstry asserted that he was not and should not have been aware of his claim until 2017, and that the statute of limitations clock did not start tolling until that year.  The Court again denied Dotstry's motion, reaffirming its decision that the statute of limitations had run because Dotstry should have been aware of his claim as early as 2000 and as late as 2008.

Now, Dotstry brings a motion seeking relief from both of the Court's prior orders.  He styles this motion as one under Rule 60(b), and argues that the Court erred in its prior orders.  Dotstry again disputes the Court's application of the statute of limitations.  However, instead of arguing about whether the statute of limitations has run, he argues that **no** statute of limitations applies and that the Court erred in applying one.  Alternatively, he argues that he is entitled to equitable tolling, because the government allegedly withheld the fact that it had taken the $36,854.00.

# ANALYSIS

## A. Rule 60(b)

Rule 60(b) provides that a district court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake." Fed. R. Civ. P. 60(b)(1). Dotstry alleges that the Court made a mistake when it applied a six-year statute of limitations.

There are at least two procedural shortcomings with Dotstry's motion, each of which justify its denial. First, "'relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000). Dotstry is not alleging that the Court made an inadvertent mistake, but rather that the Court misapplied the law. However, "arguing that a court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1)." *Nichols v. United States*, No. 400CR00022-03-WRW, 2006 WL 3420303, at *2 (E.D. Ark. Nov. 28, 2006). Thus, Dotstry's 60(b)(1) motion is improper.

Even if Dotstry's motion could somehow be construed as alleging judicial inadvertence, his motion is untimely. "To prevent its use as a substitute for appeal," the Eighth Circuit requires that a "Rule 60(b) motion alleging judicial inadvertence . . . be made within the time period allowed for appeal." *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *see also CRI, Inc. v. Watson*, 608 F.2d 1137, 1143 (8th Cir. 1979) ("When the alleged error could have been corrected by appeal, the motion must be made within the time period allowed for appeal."). Dotstry had 60 days to file an appeal of each of the Court's original orders but failed to do so. Fed. R. App. P. 4(a)(1)(B). The Court's first order was filed on September 10, 2018, and the second on November 6, 2018. Dotstry

filed this motion on March 18, 2019. Dotstry's motion is thus untimely, and the Court will deny it on these grounds.

Even if the Court excused both shortcomings, the Court would still deny Dotstry's motion on the merits. Dotstry asserts that, because Rule 41(g) does not contain a statute of limitations, the Court errored in applying one. Dotstry is incorrect. While it is true that 41(g) does not contain an explicit statute of limitations, the Eighth Circuit—in *United States v. Mendez*—adopted a six-year statute of limitations based on 28 U.S.C. § 2401(a), joining every other circuit to consider the issue.[1] 860 F.3d at 1149-50. Dotstry recognizes *Mendez* but argues that it was decided incorrectly. Whatever the merits of this argument, it is inapplicable here, as the Court is bound by Eighth Circuit precedent.

Dotstry also alludes to Federal Rule of Civil Procedure 60(b)(6), which states that a court may relieve a party from an order for "any other reason that justifies relief." He asserts that the Court should grant him relief "in the interest of justice" because the government allegedly misrepresented to him that it had seized the money.

"[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (quoting *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir.

---

[1] *See Santiago-Lugo v. United States*, 538 F.3d 23, 24 (1st Cir. 2008); *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007); *United States v. Jones*, No. 14-4047, 629 Fed. App'x 192, 194 n.1 (3d Cir. Nov. 5, 2015); *United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000); *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004); *United States v. Sims*, 376 F.3d 705, 708–09 (7th Cir. 2004); *United States v. Ramirez*, 444 F. App'x 114 (9th Cir. 2011) *United States v. Rodriguez–Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001); *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006).

1989)). Relief under Rule 60(b)(6) is available only if "exceptional circumstances prevent relief through the usual channels." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997) (citation and internal quotation marks omitted). Such circumstances are not present here. In fact, Dotstry made this exact argument in both of his previous motions, and the Court considered his allegations accordingly. Dotstry cannot show that 60(b)(6) relief is warranted because there are no extraordinary circumstances which prevented him from seeking relief through the usual channels, such as by direct appeal.

**B. Equitable Tolling**

Dotstry alternatively, and for the first time, suggests that even if the statute of limitations applies, he is entitled to equitable tolling. He now asserts that he did not become aware of his claim until sometime in 2012,[2] and that he could not have become aware of his claim any earlier because the government misrepresented whether it had seized the money.

Setting aside the clear waiver issues on this argument, the Court concludes that Dotstry is not entitled to equitable tolling of the Rule 41(g) statute of limitations period. "To receive the benefit of equitable tolling, a litigant must demonstrate both that some extraordinary circumstance prevented him from filing a timely motion and that he

---

[2] The Court notes that Dotstry's representations regarding when he first became aware that the government seized the $36,854.00 have evolved over time. In his Motion to Amend the Court's first order, he claimed that he did not become aware of the seizure until 2017 while he was preparing for sentencing in a separate case. (Mot. to Amend at 3, Oct. 11, 2018, Docket No. 59.)

diligently pursued his rights before filing." *Mendez,* 860 F.3d at 1151 (citing *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)). Dotstry has not shown either of these factors. He has presented no facts which suggest that an extraordinary circumstance prevented him from filing within the statute of limitations period. Likewise, Dotstry has not shown that he diligently pursued his rights. Although he repeatedly suggests that he inquired about the money and that the government misled him—something that might ordinarily constitute diligence—his argument is unavailing here. As the Court has previously noted, the fact that the $36,854.00 was seized was noted in both a 2000 Presentence Investigation Report and a 2008 Presentence Investigation Report, both of which were available to Dotstry at the time. (1st Order at 2.) Thus, Dotstry was or should have been aware that the money was seized and did not diligently pursue his rights. Accordingly, his equitable tolling argument is without merit.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Kendrick Dotstry's Motion for Relief From an Order Pursuant to Fed. R. Civ. P. Rule 60(b) (1), (6) [Docket No. 63] is **DENIED**.

DATED: May 3, 2019  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court